

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| | |
|---|---|
| IN RE:<br>    KEITH DANIEL KITCHIN<br>    JERRY COLLEEN KITCHIN<br>        Debtors,<br><br>KEITH DANIEL KITCHIN AND JERRY COLLEEN KITCHIN,<br>        Appellants,<br>vs.<br>NCI TECH, LLC, d/b/a GATEWAY CASINO<br>        Appellee. | No. CV 05-123-GF-SEH<br>**MEMORANDUM and ORDER** |

Pending before the Court is the Appellants/Debtors' Appeal From the Judgment, Order and Decree of The United States Bankruptcy Court for the District of Montana. At the heart of the appeal is what Appellee, NCI Tech, LLC, describes as:

> [T]he language of the November 14, 2005, Order regarding the granting of NCI's motion to enforce settlement differs from the bench ruling issued by the Bankruptcy Court during the November 10, 2005, hearing on the issue, [and thus] clarification to correct the clerical error of oversight in such Order is appropriate.

(NCI Tech, LLC's Answer Brief in Opposition to Appellants' Appeal, 1-2 (April 20, 2006).)

Section 2106 of Title 28 of the United States Code provides:

> The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.

See U.S. v. Jacobson, 15 F.3d 19, 22 (2d Cir. 1994) (a court with appellate jurisdiction has broad power under 28 U.S.C. § 2106 to require further proceedings as may be just under the circumstances); see also U.S. v. Jackson, 513 F.2d 456, 462 (D.C. Cir. 1975) (matter remanded to trial court under 28 U.S.C. § 2106 for clarification of the record).

To avoid the possibility of misinterpretation by this Court of the record of the proceedings before the Bankruptcy Court on November 10, 2005, or of the Bankruptcy Court's Order of November 14, 2005,

ORDERED:

This matter is remanded to the United States Bankruptcy Court for the District of Montana for such clarification and amendment of the record and rulings as the Bankruptcy Court, upon review, determines to be necessary and appropriate.

DATED this 24th day of August, 2006.

SAM E. HADDON
United States District Judge